**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE   DIVISION**

**Benoit**                                              **Civil Action No. 19-00494**

**Versus**                                              **Judge Michael J Juneau**

**Norris International Services**          **Magistrate Judge Carol B Whitehurst**
**LLC et al**

### AMENDED REPORT AND RECOMMENDATION

Before the Court, upon assignment from the district judge, is a Motion to Dismiss filed by defendant Norris International Services, LLC ("Norris") [Rec. Doc. 8], Plaintiff, Tyrone Benoit's, Memorandum In Opposition [Rec. Doc. 19] and Norris's Reply thereto [Rec. Doc. 22]. For the reasons that follow, the Court will recommend that the Motion be denied.

### I.  BACKGROUND

Plaintiff, an African American male, alleged that he was subjected to discrimination on the basis of his race and retaliation in the workplace in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. § 2000e-2(a)(1) ("Title VII"). *R.1, 15*. Plaintiff was employed by Advantage Technical Resourcing, Inc. or Advantage Human Resourcing, Inc. (collectively "Advantage") and beginning in October of 2017, he was assigned as a temporary worker to Norris. *R.*

*15, ⁋ 16.* Plaintiff alleged he was assigned to work at Norris as a Quality Control Inspector. *Id. at ⁋17.* Rather than being assigned to any job duties related to a Quality Control Inspector, Plaintiff alleged he was required to perform manual work such as painting, blasting, pushing pipe down a line, greasing threads and bundling and coating pipe. *Id. at ⁋ 19.* Plaintiff addressed the job duty discrepancy with his Norris supervisor, Brad Norris, who told him he had to first work under a probationary period before he could do quality control work. *Id. at ⁋ 20.*

Plaintiff told the supervisor of the machine shop, "Rene," that he was interested in a machinist position that had become available. *Id. at ⁋ 23.* Rene told Plaintiff he would speak with "Eric," another one of Plaintiff's supervisors. *Id. at ⁋ 24.* Upon Rene telling Eric that Plaintiff was interested in the machinist position, Eric referred to Plaintiff as a "thug" who shouldn't work in Rene's shop. *Id. at ⁋ 25.* Plaintiff alleged that Eric began to follow him around, checking his work and waiting outside the restroom until Plaintiff exited. *Id. at ⁋ 26.* He alleged that two white males, "John" and "Kenny" were not followed around and were not called "thugs." *Id. at ⁋ 27.* He further alleged that other employees who were not African-American were hired into non-manual labor jobs and given different job advancement opportunities. *Id. at ⁋ 28.* The day after he confronted Eric about calling him a "thug" and following him, Plaintiff was discharged by Brad Norris. *R. 19-2, EEOC Charge*

*of Discrimination*.

Plaintiff filed a claim for race discrimination and retaliation with the EEOC on August 14, 2018. *R. 19-2*. According to Plaintiff, he was treated in a disparate manner with respect to treatment of similarly situated employees. He further contended that Norris retaliated against him for complaining about the job discrepancies and Eric's treatment of him. The EEOC issued a right to sue letter on February 19, 2019. *Id*. Plaintiff filed this action asserting claims against Norris under Title VII. *R. 1*.

Norris filed this motion to dismiss pursuant to Rule 12(b)(6) asserting that the Court should dismiss Plaintiff's claims for failure to satisfy the requirements under Title VII. *R. 22*. Plaintiff filed an Amended Complaint in response to Norris' motion, supplementing his allegations and clarifying that his only claims against Norris were for racial discrimination and retaliation under Title VII. *R. 15*. Norris' Reply memorandum addressed the supplemented allegations and the disparate treatment and retaliation claims.

## II. LEGAL STANDARD

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir.2009. But the Court is not bound to accept as true, legal conclusions couched as factual allegations. *Iqbal,* 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. Id. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. Id. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir.2007).

"[T]he Federal Rules do not contain a heightened pleading standard for

employment discrimination suits." *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 510–11 (2002). Accordingly, a plaintiff is held to the *Twombly/Iqbal* standard above for employment discrimination claims and must state a facially plausible claim for relief. Although the *McDonnell Douglas* framework governs the standard of proof at trial, "a plaintiff need not make out a prima facie case of discrimination [under *McDonnell Douglas*] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Thus, in employment discrimination cases, "the ordinary rules for assessing the sufficiency of a complaint apply." *Sandifer v. Donahoe*, 2015 WL 5552644, at \*4 (E.D. La. Sept. 16, 2015) (quoting *Swierkiewicz*, 534 U.S. at 515).

### III. LAW AND ANALYSIS

In the instant motion, Norris initially addressed Plaintiff's claims for racial discrimination and retaliation under Title VII as well as what it perceived to be additional claims of hostile work environment and discrimination in hiring, promoting. *R. 8-1.* In his Opposition memorandum, Plaintiff clarified that he was *only* alleging claims for racial discrimination based on disparate treatment and retaliation under Title VII. *R. 19.*

As stated in his motion and reply memorandum, Norris contends that Plaintiff cannot assert a claim for discrimination under Title VII because he failed to allege

that he was treated less favorably than other similarly situated employees who were not African-American. As to Plaintiff's retaliation claim, Norris contends Plaintiff fails to show a causal link between the "protected activity" and "the adverse action." The Court will address each claim separately as follows.

## A. Title VII Race Discrimination

Although plaintiffs do not "have to submit evidence to establish a prima facie case of discrimination at this stage, [they must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [their] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) *see also*, *Cicalese v. Univ. of Texas Med. Branch*, 2019 WL 2127562, at *3 (5th Cir. May 16, 2019) ("A plaintiff is not required to plead something more than the 'ultimate elements' of a claim.")

"To establish a prima facie case of racial discrimination in employment under Title VII an employee must demonstrate that he (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Caldwell v. Lozano*, 689 F. App'x 315, 321 (5th Cir. 2017). As stated above, a plaintiff need not allege the prima facie case of

that evidentiary framework to survive a Rule 12 motion to dismiss. That being said, "allegations related to that prima facie inquiry may nonetheless be helpful in satisfying the general *Iqbal* plausibility standard." *Haskett v. Continental Land Resources, L.L.C.*, 668 Fed. Appx. 133, 134 (5th Cir. 2016). In this case, Norris only attacks the final element of Plaintiff's prima facie case. Norris contends that Plaintiff has failed to plead sufficient facts that Plaintiff was treated differently than similarly situated members of non-protected classes.

"With respect to the 'similarly situated employees' requirement, a plaintiff must show that he was treated less favorably than others under nearly identical circumstances." *Morris v. Town of Independence*, 827 F.3d 396, 401 (5th Cir. 2016). The Fifth Circuit defines "similarly situated" narrowly. See *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005) (Similarly situated individuals must be "nearly identical" and must fall outside the plaintiff's protected class.). In cases alleging that an employer disparately disciplined a similarly situated employee based on his membership in a protected group, the employees being compared must have reported to the same supervisor and been subjected to the same standards governing conduct and discipline without any differentiating or mitigating circumstances. *See Lucas v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009); *Wheeler*, 415 F.3d 399 at 406; *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th

Cir. 2005).

In his original Complaint Plaintiff alleged that "[s]imilarly situated individuals, who were not African American, were treated more favorably under nearly identical circumstances" and "white employees were hired into non-manual labor jobs immediately and were given different opportunities." *R. 1, ¶¶ 42, 43*. In response to Norris' contention that "[Plaintiff] cites no examples of similarly situated members of a non-protected class being treated differently," *R. 8-1, p. 11*, Plaintiff's Amended Complaint added the allegation that "two white males, John (last name unknown) and Kenny (last name unknown), were not followed around, their work was not constantly checked, and they were not called 'thugs,'" *R. 15, ¶ 27*. Norris argues that Plaintiff makes no factual accusation that either "John" or "Kenny" were similarly situated to Plaintiff. It contends there is no allegation that "John" or "Kenny" were supervised by Eric; that either or both were assigned to be "Quality Control Inspectors;" or that they were employed through a third party similar to Plaintiff's employment. Nor does Plaintiff ever allege or contend that any other individual who was assigned to work for Norris through Advantage was treated dissimilarly than him.

To state a claim under Title VII, a complaint must allege facts, direct or circumstantial, that would suggest that a defendant's actions were based on race—it

must allege that the defendant treated similarly situated employees of other races more favorably. *See Raj,* 714 F.3d at 331. The Court finds that Plaintiff has alleged sufficient facts in support of its Title VII claim to survive a Rule 12(b)(6) motion to dismiss. The complaint alleges that two white employees of Norris were not "followed around, their work was not constantly checked, and they were not called thugs," while Plaintiff, an African-American employee, alleges he was. The Court finds that when drawing all reasonable inferences in Plaintiff's favor, Plaintiff has pled a plausible set of facts that would entitle him to relief under Title VII.

The Court must not convert the plausibility requirement of pleading into an analysis of whether Plaintiff is likely to succeed on the merits. *See Twombly*, 550 U.S. at 556 ("[O]f course, a well -pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."). At this stage, Plaintiff is only required to plead a plausible cause of action. This conclusion in no way determines his ultimate success. Further discovery may establish that the Plaintiff and these other employees were not in "nearly identical" circumstances, but at this juncture, Plaintiff's Title VII claim is sufficient. Whether Plaintiff was treated less favorably than any specific similarly situated, non-African American employees is a detail that can be fleshed out during discovery. *Mitchell v. Universal Health Services, Inc.*, 2016 WL

1558831, at *2 (E.D.La., 2016). *See also Davis v. Matagorda County*, 2019 WL 1015341, at *8 (S.D.Tex., 2019) ("[W]ere the Court to dismiss [Davis's] claim because he did not identify similarly situated employees of a different race who were treated differently, it would err 'by improperly substituting an evidentiary standard for a pleading requirement.'") (citing *Darnell v. Milwaukee Elec. Tool Corp.,* 2018 WL 542970, at *2 (N.D. Miss. Jan. 24, 2018).

### B. Retaliation Claim

Norris also contends that the allegations and the EEOC charge were insufficient to exhaust a retaliation claim. Title VII's anti-retaliation provision states, in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). In employment retaliation cases under Title VII, a plaintiff is required to plead "(1) that he engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015).

Norris argues that Plaintiff failed to establish the last element. It contends that

Plaintiff "must, at the very least, plead that the protected activity was the 'but for' reason for the termination." *R. 22, p. 5.* Thus, the only issue before the Court is whether Plaintiff has pled facts sufficient to raise a plausible inference that a causal link existed between the protected activity and the adverse employment action.

In his Amended Complaint, Plaintiff alleged that he informed his supervisor, Patrick Norris, that Eric, another supervisor, was following him around the job site and constantly checking his work—actions Eric did not take with Caucasian employees. *R. 15, ¶¶ 33, 34.* He further alleged that he was discharged on December 7, 2017, one day after he spoke with Eric and asked him to stop harassing him. Plaintiff alleged:

¶ 33 When Plaintiff addressed his concerns to Patrick Norris, he also informed Patrick Norris of Eric's actions, which involved following Plaintiff around the job site and constantly checking his work, implying that he was being harassed while other individuals were not.

¶ 34 Plaintiff informed Patrick [Norris] that Eric did not treat Caucasian employees in this manner.

¶ 35 On or about December 6, 2017, Plaintiff spoke with Eric and asked him to stop harassing him and not to refer to him as a "thug," to which Eric responded "get the f**k out of my face."

¶ 36 On or about December 7, 2017, Plaintiff was discharged from his employment with Norris by Brad Norris based on his race and in retaliation for reporting the racial discrimination.

*R. 15.*

A "causal link" is shown if "the employer's decision to terminate was based in part on knowledge of the employee's protected activity." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001)). Among other factors, the Fifth Circuit has suggested that "the temporal relationship between the employee's conduct and discharge might shed light on the causal component of a retaliation claim." *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994). *See also Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) ( the "[c]lose timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation.)

The Court finds that Plaintiff properly alleged a "protected activity" in that he made an internal grievance as to his discriminatory treatment by Norris as well as Eric.[1] *R. 15, ¶¶ 27, 29, 34, 36*. Further, Plaintiff sufficiently alleged that an adverse employment action, termination, was closely proximate to his protected complaint. *Id. ¶¶ 36, 38*. "[T]temporal proximity alone, when very close, can in some instances establish a prima facie case of retaliation." *Ganheart v. Brown*, 740 Fed.Appx. 386, 389 (5th Cir. 2018). In these instances, however, the plaintiff carries

---

1 To satisfy the "opposition clause," a plaintiff need not prove that the employer's practices were actually unlawful, but only that he had "a reasonable belief that the employer was engaged in unlawful employment practices." *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. Unit A Sept. 1981).

the burden to prove that the protected activity was a but-for cause of the adverse action. *Id*. (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) ). The Court concludes that a fact finder may draw the reasonable inference that his termination the next day was out of retaliation for his complaint to Eric. Thus, at this early stage the Amended Complaint states a valid claim of retaliation for race-based discrimination under Title VII. *See i.e. Lynch v. Forge Fabrication Services, LLC*, 2019 WL 1002922, at *5 (E.D.La., 2019).

## IV. CONCLUSION

Based on the foregoing, the Court recommends that the Motion to Dismiss filed by defendant Norris International Services, LLC [Rec. Doc. 8], be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

SIGNED this 23rd day of August, 2019 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE